IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
AKRON DIVISION

| | | |
|---|---|---|
| Abandoned Homes Project Scattered Site I LLC, ) | | Case No. |
| Abandoned Homes Project Scattered Site II LLC, ) | | |
| ) | | |
| Plaintiffs, ) | | **COMPLAINT FOR VIOLATION** |
| ) | | **OF ANTITRUST LAW** |
| v. ) | | |
| ) | | |
| National Association of Realtors ) | | |
| 430 North Michigan Avenue ) | | |
| Chicago, IL 60611, ) | | |
| ) | | |
| Defendant. ) | | |

Plaintiffs Abandoned Homes Project Scattered Site I LLC and Abandoned Homes Project Scattered Site II LLC (collectively "Plaintiffs"), by and through the undersigned counsel, allege the following against the National Association of Realtors ("Defendant"):

INTRODUCTION

1. This action is brought under federal antitrust law to redress injuries suffered by Plaintiffs due to Defendant's anti-competitive conduct which has caused Plaintiffs and other real estate purchasers and renovators significant harm in the distressed property market.

2. Specifically, Defendant's practices inflate transaction costs by imposing restrictive commission requirements that limit Plaintiffs' ability to negotiate competitive terms.

3. Plaintiffs operate as Ohio-based limited liability companies engaged in the acquisition, renovation, and management of distressed properties within Northeast Ohio's low-income communities aiming to alleviate urban blight and create affordable housing opportunities.

4. Plaintiffs bring this action individually, having opted out of participation in a consolidated class action complaint, as they seek independent redress for the direct financial harm suffered due to the Defendant's actions.

## JURISDICTION AND VENUE

5. Plaintiffs reassert all previous paragraphs as if fully restated here.
6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 15 U.S.C. §§ 15 and 26 (federal antitrust laws).
7. Venue is proper in this Court under 28 U.S.C. § 1391 because the acts that give rise to the claims occurred within this District and Defendants conduct substantial business within this District.

## PARTIES

8. Plaintiffs reassert all previous paragraphs as if fully restated here.
9. Plaintiffs are Ohio limited liability companies with their principal offices in Beachwood, Ohio.
10. Plaintiffs' activities involve acquiring and renovating distressed real estate properties in Northeast Ohio.
11. Defendant National Association of Realtors (NAR) is a national real estate organization whose actions, policies, and practices control the pricing and terms of real estate transactions across the United States, including those within the Northern District of Ohio.

## FACTUAL ALLEGATIONS

12. Plaintiffs reassert all previous paragraphs as if fully restated here.
13. Plaintiffs allege that Defendant, acting in concert and/or with control over local boards of realtors and/or multiple listing services, engaged in a conspiracy to impose anti-competitive restraints on the real estate brokerage market in Northeast Ohio by

enforcing restrictive commission-sharing requirements as outlined in NAR's Handbook on Multiple Listing Policy and related practices.

14. Defendant's practices mandate fixed, non-negotiable buyer-broker commissions, creating artificially high transaction costs that prevent competitive market pricing and require Plaintiffs to subsidize buyer-broker costs, contrary to a free-market structure.

15. As a direct result of these actions, Plaintiffs and similarly situated parties pay inflated commission rates, undermining their operational budgets for purchasing and improving distressed properties and impacting their ability to contribute effectively to community revitalization efforts.

**CLAIM FOR RELIEF (VIOLATION OF 15 U.S.C. §§ 1-7 ("SHERMAN ACT"))**

16. Plaintiffs reassert all previous paragraphs as if fully restated here.
17. Defendant's conduct constitutes a violation of the Sherman Act as an unreasonable restraint of trade in the real estate market specifically concerning buyer-broker commissions in Northeast Ohio and other affected markets.
18. The Defendant's practices have resulted in substantial harm to Plaintiffs by inflating commission costs and obstructing market competition.
19. Plaintiffs have thus been deprived of the opportunity to negotiate fair and competitive fees for real estate buyer-broker services.
20. Plaintiffs, beginning October 31, 2019 and extending through August 17, 2024, have suffered significant economic harm due to these practices, resulting in damages exceeding $75,000.

**PRAYER FOR RELIEF**

*WHEREFORE*, Plaintiffs, on the basis of the operable facts, statute, and controlling case law of this jurisdiction, all of which concur and agree with the relief sought below, pray for an order of this Honorable Court granting them relief as follows:

A. Judgment against Defendant for actual damages incurred as a result of the Defendant's within-described actions and/or inactions;

B. Treble damages as provided under 15 U.S.C. § 15 for all losses suffered by Plaintiffs due to Defendant's anti-competitive practices;

C. Simple interest on actual damages from October 31, 2019;

D. An award recovering Plaintiffs reasonable attorney's fees at $350.00 per hour, paralegal fees at $175 per hour, and administrative costs at $75 per hour pursuant to 15 U.S.C. § 15;

E. Any other relief the Court deems fair, just and equitable.

Respectfully Submitted,

/s/ Wendy S. Rosett
Wendy S. Rosett, ID# 0055870
Attorney and Counselor-at-Law
16781 Chagrin Boulevard, #304
Shaker Heights, Ohio 44120
216.533.4139 (cellular phone)
216.491.2125 (voicemail/fax)
owlesq@aol.com
Attorney for the Plaintiffs